UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

OMAR LEONIDES DIAZ,

Movant,

v.                                          No. 4:22-cv-0239-P
                                            (No. 4:19-cr-0240-P)
UNITED STATES OF AMERICA,

Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Omar Leonides Diaz, Movant, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the memorandum in support, the response, the record, including the record in the underlying criminal case styled "United States of America v. Jose Avalos-Rodriguez, et al.," and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On August 14, 2019, Movant was named with another in a one-count indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 19. On October 17, 2019, he was named in a two-count superseding indictment charging him in count one with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). CR ECF No. 30. On October 23, 2019, Movant

entered a plea of not guilty to the charges made by the superseding indictment. CR ECF No. 35.

On November 7, 2019, Movant was named in a one-count superseding information charging him with possession with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). CR ECF No. 36. Movant and his attorney signed a factual resume setting forth the elements of the offense charged by the superseding information, the maximum penalty Movant faced, and the stipulated facts establishing that Movant had committed the offense charged. CR ECF No. 38. They also signed a plea agreement with waiver of appeal, which also set forth the penalty Movant faced along with the admonition that the sentence was wholly within the Court's discretion and that no one could predict what it might be. CR ECF No. 39. As part of the plea agreement, the government agreed to move to dismiss any remaining charges and Movant agreed to waive his right to appeal or otherwise challenge his sentence except in limited circumstances. *Id.* On November 15, 2019, Movant entered a plea of guilty to the superseding information. CR ECF No. 48. He testified under oath that: he understood that the Court would not be bound by any facts stipulated; he understood and waived his right to indictment; he understood the elements of the offense charged by the superseding information and admitted that he committed each of them; he was satisfied with the representation provided by his counsel; he had read and fully understood the plea agreement before signing it; in particular, he had read and understood the waiver of appeal provision; all of the terms of his agreement with the government were set forth in the plea agreement; he voluntarily entered into the plea agreement and his plea of guilty and no one had made any promises or threats to induce him to do so; he understood the penalties he faced and that he could not withdraw his plea if the sentence was more severe than he expected; and, he had read and understood the factual resume prior to signing it. CR ECF No. 128. The Magistrate Judge issued a report and recommendation that the Court accept the plea. CR ECF No. 51. No

objections were filed and the Court accepted the plea of guilty. CR ECF No. 56.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38. CR ECF No. 71, ¶ 28. He received two-level enhancements for possession of firearms, importation, and maintaining a drug premises. *Id.* ¶¶ 29, 30, 31. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 37, 38. Based on a total offense level of 41 and a criminal history category of I, Movant's guideline imprisonment range was 324 to 405 months. *Id.* ¶ 72. Movant filed objections, CR ECF No. 73, and the probation officer prepared an addendum to the PSR rejecting the objections. CR ECF No. 77. Movant filed objections to the addendum. CR ECF No. 79. The Court sentenced Movant to a term of imprisonment of 336 months.[1] CR ECF No. 109. He appealed, despite having waived his right to do so. CR ECF No. 104. The United States Court of Appeals for the Fifth Circuit granted the government's motion to dismiss the appeal. CR ECF No. 140. The United States Supreme Court denied his petition for writ of certiorari. CR ECF No. 145.

## GROUNDS OF THE MOTION

Movant urges eight grounds in support of his motion, worded as follows:

> Ground One: THE DISTRICT COURT ERRED BY VIOLATING THE PLEA AGREEMENT PROCEDURE SET FORTH IN RULE 11(C) OF THE FEDERAL R.CR.P.

> Ground Two: THE DISTRICT ERRED AND VIOLATED PETITONER'S 5TH, 6TH, 8TH AND 14TH AMENDMENT RIGHTS TO A FAIR TRIAL AND DUE PROCESS WHEN IT ALLOWED BOTH "IMPORTATION" AND "CONSPIRACY" TERMS TO BE USED AT SENTENCING, BOTH IN VIOLATION OF FEDERAL RULES OF CRIMINAL PROCEDURE AND EVIDENTIARY PROCEDURE

> Ground Three: COUNSEL FOR BOTH TRIAL AND DIRECT APPEAL WAS SUBSTANTIALLY DEFICIENT

---

[1] The Court later amended the judgment to correct a clerical error. CR ECF No. 137.

[sic] AS TO SERIOUSLY DEPRIVE PETITIONER OF A FAIR PROCEEDING-INEFFECTIVE ASSISTANCE OF COUNSEL

Ground Four: WHETHER THE PLAIN ERROR OF THE DISTRICT COURT AFFECTED PETITIONER'S SUBSTANTIAL RIGHTS

Ground Five: WHETHER THE DISTRICT COURT'S REJECTION OF THE GOVERNMENT'S PROMISED PERFORMANCE TERMINATED THE PLEA AGREEMENT AND RESULTED IN A LENGTHIER SENTENCE

Ground Six: WHETHER PETITIONER'S PLEA WAIVER DID OR DID NOT BAR THESE CLAIMS BECAUSE THE DISTRICT COURT REJECTED THE PLEA AGREEMENT

Ground Seven: GOVERNMENT CLAIMS THE DISTRICT COURT ACCEPTED GUILTY PLEA AND PLEA AGREEMENT AT THE SAME TIME

Ground Eight: RECORD REFLECTS A CLERICAL ERROR IN THE WRITTEN JUDGMENT

ECF No. 1 at 7–9.[2] These grounds are repeated in Movant's memorandum in support of his motion. ECF No. 2 at 2–3. In addition, the memorandum contains an "argument nine" in which Movant argues that the appeal waiver does not bar any of his claims. *Id.* at 18–21.

## APPLICABLE STANDARDS OF REVIEW

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause"

---

[2] The reference is to "Page __ of 13" assigned by the Court's electronic filing system and found at the top right portion of the page.

for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

## B.     Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is

5

not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

As noted, Movant filed a notice of appeal from the Court's judgment. CR ECF No. 104. After the appeal was docketed, he filed a motion in the appellate court to remand for entry of an amended judgment. Appellant's Unopposed Mot. to Remand, *United States v. Diaz*, No. 20-10569 (5th Cir. Oct. 13, 2020) [hereinafter "*Diaz*"]. In his motion, Movant cited the plea agreement to support his contention that he had pleaded guilty to possession with intent to distribute, whereas the judgment reflected that he had pleaded guilty to conspiracy to possess with intent to distribute. *Id.* at 2. The Fifth Circuit granted the motion and remanded for entry of an amended judgment. Court Order Granting Mot. for Ltd. Remand, *Diaz* (Oct. 23, 2020). The Court amended the judgment to correct the error. CR ECF No. 137. The appeal proceeded and movant filed his brief, asserting two grounds of error. First, he alleged that the Court had erred by violating the plea agreement procedure set forth in FED. R. CRIM. P. 11(c), and had, in fact, rejected the plea agreement. Second, he alleged that the Court had erred in applying the two-level adjustment for importation. Appellant's Br., *Diaz* (Feb. 24, 2021). In response, the government filed a motion to dismiss the appeal based on the plea agreement's appeal waiver. United States' Mot. to Dismiss, *Diaz* (Apr. 8, 2021). Movant opposed the motion. Appellant's Resp. in Opp'n, *Diaz* (Apr. 19, 2021). The Fifth Circuit granted the government's motion and dismissed the appeal. Court Order Granting Mot. to Dismiss, *Diaz* (June 30, 2021). Movant's appellate counsel filed a motion to withdraw, which was granted. Court Order Granting Mot. to Withdraw, *Diaz* (July 9, 2021).

As the government notes, the bulk of Movant's arguments rely on his position that the Court rejected his plea agreement. ECF No. 10 at 7. Moreover, to the extent he offers any argument in support of the motion, his memorandum simply parrots the arguments that were rejected on appeal. In dismissing the appeal, the Fifth Circuit implicitly determined that the Court had accepted the plea agreement and that Movant's waiver of his right to appeal was knowing and voluntary. He cannot now

raise issues that have been waived. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). *See also United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2003). Nor can he raise claims that are procedurally barred. *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). This includes grounds one, two, four, five, six, seven, and nine.

To the extent that Movant alleges that he received ineffective assistance of counsel, he has not met his burden. He is mistaken in contending that counsel did not challenge the importation enhancement on appeal. Appellant's Br. at 19–23, *Diaz* (Feb. 24, 2021). The argument about "conspiracy" and "importation" terms is nonsensical. The record does not reflect that Movant's sentence was somehow affected by references to the "Zeta cartel" or any such group. As best the Court can tell, neither those words nor anything similar appear in the PSR, CR ECF No. 71, or in the sentencing transcript. CR ECF No. 127. Movant's own attorney raised the issue of conspiracy at the sentencing hearing. *Id.* Indeed, it would have been frivolous to contend that there was no such conspiracy or that Movant was not part of it. Movant has not pointed out any unprofessional errors, much less shown that but for any such error, the results of the proceeding would have been different. *Strickland*, 466 U.S. at 694. His third ground (and any claim of ineffective assistance) is without merit.

Finally, the Court is not certain what the point of the eighth ground is. There was a clerical error in the judgment originally signed. That error was corrected in the amended judgment. This is not a ground for habeas relief.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **7th day** of **November 2022.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

7